# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TRACIE R.S.,**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-297**    (WorkForce W. Va. Bd. of Rev. Case No. R-2023-0536)

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tracie R.S.[1] appeals the June 12, 2023, decision of the WorkForce West Virginia Board of Review ("Board"). Respondent WorkForce West Virginia ("WorkForce") timely filed a response.[2] Tracie R.S. did not file a reply. The issue on appeal is whether the Board erred in reversing the finding of the Board's ALJ and in holding that Tracie R.S. was discharged for gross misconduct.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Tracie R.S. was employed by Pollen8, Inc. ("Pollen8") as a residential peer specialist from December 22, 2022, to January 16, 2023. Pollen 8 is a nonprofit that does business in West Virginia as Appalachian Behavioral Health, a health care facility that provides residential care for women dealing with substance abuse. As a condition of employment, Tracie R.S. was required to complete a background check conducted by WVCARES and the West Virginia Department of Health and Human Resources ("DHHR"), which investigated any prior maltreatment of children or adults by prospective employees.

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In Re K.H.*, 235 W. Va. 254, 256 n.1, 773 S.E.2d 20, 22 n.1 (2015).

[2] Tracie R.S. is self-represented. WorkForce is represented by Kimberly A. Levy, Esq.

On December 22, 2022, Tracie R.S. completed an "Authorization and Release for Protective Services Record Check", which contained the following certification statement:

I certify that I have not committed any act of child or adult abuse or neglect, as determined by a civil or criminal proceeding or through an investigation by the WV Department of Health and Human Resources or through any like agency of any other state or country, or that I am currently being investigated for such except as stated below. . . .

In response to this question, she answered "N/A." The following statement was also included on the form:

I authorize the WV Department of Health and Human Resources to conduct a background check on me which includes a search of Child Protective Services records, Adult Protective Services records, and Institutional Investigation Unit records maintained by the Department to determine if any maltreatment finding exists. . . . I understand that a positive history of maltreatment in any West Virginia Department of Health and Human Resources protective services record will affect my working in a childcare, foster care, or adult care setting. . . .

After completing the background check, DHHR identified that Tracie R.S. had a previous maltreatment record in its system. As a result of the failed background check, she met with Amy Wilkinson, the program director at Pollen8, who informed her that the DHHR records indicated a previous history of maltreatment. Tracie R.S. stated that she was not sure what had come up during the background check, but then indicated that she did have a past case without providing further detail. Ms. Wilkinson then informed Tracie R.S. that she was no longer eligible for employment at Pollen8, and she was discharged on January 16, 2023.

Tracie R.S. then contacted DHHR regarding the basis for the maltreatment finding and was informed that the background check uncovered an earlier report from 2004, which stated that she had attempted suicide in front of her young son while on drugs. Tracie R.S. alleged that she had no memory of this incident due to her substance abuse issues at the time of this event.

On February 12, 2023, Tracie R.S. filed a claim for unemployment benefits. In a fact-finding statement completed on February 17, 2023, she indicated that she was not aware that the background check would include CPS records as well as criminal records.

On February 21, 2023, WorkForce sent a "Request for Separation Information" to Pollen8 regarding Tracie R.S.'s claim. Pollen8 returned the "Request for Separation

Information" to WorkForce and indicated that Tracie R.S. was discharged on the grounds of ineligibility through WVCARES, and that eligibility is a requirement of employment.

The WorkForce deputy issued a decision dated March 7, 2023, and found that Pollen8 had not shown that Tracie R.S. had committed any act of misconduct. The deputy held that no disqualification could be imposed on her claim as a result. On March 15, 2023, Pollen8 appealed the deputy's decision.

A hearing was held before the Board's administrative law judge ("ALJ") on April 4, 2023. Tracie R.S. appeared by phone. Hollie McCraw, Chief Operating Officer, and Amy Wilkinson, Director of Appalachian Behavioral Healthcare appeared for Pollen8. Ms. McCraw testified that Tracie R.S. had signed a document which affirmed that she had not committed any act of child abuse or neglect as determined by a civil or criminal proceeding or by a DHHR investigation. Further, Ms. McCraw stated that successful completion of a background check is a prerequisite for employment with Pollen8. Tracie R.S. testified that she had no memory of the incident in which she allegedly attempted suicide in front of her young son while struggling with addiction. Tracie R.S. further stated that she was not intentionally dishonest on the form, as she had never gone to court for abuse and neglect proceedings, and she thought that the question only referred to cases that went to court.

The ALJ issued a decision dated April 10, 2023, which affirmed the deputy and held that Pollen8 had not met its burden of proving that Tracie R.S. committed misconduct and found that there was no evidence that she intentionally falsified information on the background check release form.

Pollen8 appealed the ALJ's decision to the Board. In a decision dated June 12, 2023, the Board reversed the decision of the ALJ, holding that Tracie R.S. was discharged due to gross misconduct, and that she was thus disqualified from the receipt of unemployment benefits until she had returned to covered employment and worked for at least thirty working days. The Board concluded that it was implausible that Tracie R.S. did not remember the 2004 incident, and that she intentionally concealed the existence of her past conduct on the background check release form. It is from this order that Tracie R.S. now appeals.

Our standard of review in appeals from the Board is as follows:

> The findings of fact of the Board of Review of [Workforce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

3

*Taylor v. Workforce W. Va.*, 249 W. Va. 381, __, 895 S.E.2d 236, 241 (Ct. App. 2023) (alteration in original) (quoting Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 563, 453 S.E.2d 395, 397 (1994)).

On appeal, Tracie R.S. raises four assignments of error. First, she argues that the Board's decision to reverse the ALJ's decision is based on information that was not entered into evidence at the April 4, 2023, hearing, including information about her son. Second, she argues that she did not intentionally conceal information on the background check, as she has no memory of the 2004 event and there were no criminal or civil proceedings involving the incident. Third, she argues that her child was not removed from her home as a result of the 2004 incident, but as a separate matter that took place at a later time. Finally, Tracie R.S. argues that the background check should have been conducted prior to Pollen8 hiring her for the position. Upon review, we disagree with Tracie R.S's assignments of error.

West Virginia Code § 21A-6-3(2) (2020) provides that an individual shall be disqualified from receiving benefits if he or she was discharged for gross misconduct consisting of:

> willful destruction of his or her employer's property; assault upon the person of his or her employer or any employee of his or her employer; if the assault is committed at the individual's place of employment or in the course of employment; reporting to work in an intoxicated condition, or being intoxicated while at work; reporting to work under the influence of any controlled substance, as defined in chapter 60A of this code without a valid prescription, or being under the influence of any controlled substance, as defined in said chapter without a valid prescription, while at work; adulterating or otherwise manipulating a sample or specimen in order to thwart a drug or alcohol test lawfully required of an employee; refusal to submit to random testing for alcohol or illegal controlled substances for employees in safety-sensitive positions as defined in § 21-1D-2 of this code ; violation of an employer's drug-free workplace program; violation of an employer's alcohol-free workplace program; arson, theft, larceny, fraud, or embezzlement in connection with his or her work; or any other gross misconduct, he or she is disqualified for benefits until he or she has thereafter worked for at least 30 days in covered employment: *Provided,* That for the purpose of this subdivision, the words "any other gross misconduct" includes, but is not limited to, any act or acts of misconduct where the individual has received prior written warning that termination of employment may result from the act or acts.

Further, the West Virginia Supreme Court of Appeals has explained that "[e]xcept where an employee has received a prior written warning, the phrase 'other gross

misconduct' . . . evidences the legislature's intent to provide some element of discretion [to] the Board . . . based upon the peculiar facts of each case." Syl. Pt. 5, *Dailey v. Bd. of Rev. of Emp. Programs*, 214 W. Va. 419, 589 S.E.2d 797 (2003). Further:

> [w]here the catch-all provision of 'other gross misconduct in West Virginia Code § 21A-6-3(2) is utilized as a basis for denial of all unemployment compensation benefits in the absence of a qualifying prior written warning, the employer is required to furnish evidence that the act in question rises to a level of seriousness equal to or exceeding that of the other specifically enumerated items, and a resolution of matters brought under this subdivision must be analyzed on a case-by-case basis.

Syl Pt. 4, *Alcan Rolled Prods. Ravenswood, LLC v. McCarthy*, 234 W. Va. 312, 765 S.E.2d 201 (2014) (citing *Dailey*, 214 W. Va. 419, 589 S.E.2d 797, syl. pt. 6).

Turning to Tracie R.S.'s assignment of error regarding the Board considering additional evidence, the record indicates that the Board relied on the testimony of Tracie R.S., Ms. McCraw, and Ms. Wilkinson, as well as the evidence contained in the record. It is not apparent from our review that the Board considered any additional evidence. Thus, we find no merit in this assignment of error.

Upon review of the record, we cannot conclude that the Board erred in reversing the ALJ's decision. It is within the Board's discretion to determine which actions fall under the phrase "other gross misconduct" pursuant to West Virginia Code § 21A-6-3(2). Further, West Virginia Code § 21A-7-21 (1936) provides that "[i]n a judicial proceeding to review a decision of the board, the findings of fact of the board shall have like weight to that accorded to the findings of fact of a trial chancellor or judge in equity procedure." Moreover, on appeal "a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the [lower tribunal's] account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996).

We find that the evidence was sufficient for the Board to conclude that Tracie R.S. intentionally concealed the 2004 incident from her background check release form. The Board found that it was implausible that Tracie R.S. would not have recollection of the 2004 incident in which she attempted suicide in front of her young son while on drugs, as it was a matter of substantial significance. Further, the record indicates that Tracie R.S. did not disclose the 2004 incident to Pollen8 on the background check authorization and release form, which notified her that the background check would include previous criminal and civil proceedings, as well as CPS investigations. Thus, we defer to the factual findings of the Board.

With regard to Tracie R.S.'s argument that the background check should have been conducted prior to Pollen8 hiring her, we find that Tracie R.S. did not raise this argument below, and thus we will not consider it for the first time on appeal. *See Noble v. West Virginia Dep't of Motor Vehicles*, 223 W. Va. 818, 679 S.E.2d 650 (2009) ("Our general rule is that nonjurisdictional questions. . . raised for the first time on appeal, will not be considered."). Thus, we find no merit in this assignment of error.

Accordingly, we affirm the Board's June 12, 2023, decision.

Affirmed.

**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear